## No. 10,381.

SUCCESSION OF MRS. HESTER E. S. DICKEY.—ON FINAL ACCOUNT.

### MARY E. BURNS ET AL., OPPONENTS.

The question involved in this case is one of fact.

Where a physician was summoned to Atlanta to attend his aunt, not in a professional capacity, but as an adviser in business matters, and on his arrival he rendered valuable professional services which were accepted by the aunt, he is entitled to compensation. But not having been summoned professionally in the first instance, he cannot in estimating his services, claim for loss of home practice.

APPEAL from the Civil District Court for the Parish of Orleans. Ellis, J.

---

Walter D. Denegre for Opponents and Appellants.

*Rice & Armstrong* for Appellees.

---

The opinion of the Court was delivered by

McENERY, J. Dr. Thomas C. Stellwagen, nephew of the deceased Mrs. Dickey, was placed as a creditor on the final account of the executor for "professional services and traveling expenses to, at and from Atlanta--$1900."

Mrs. Mary E. Burns and other heirs and legatees of the deceased opposed this item in the account on the ground that said Stellwagen was not a creditor of the succession, and that said succession owed him nothing, as stated in the account, and that said item on said account be rejected. There was judgment below allowing the claim and homologating the account, from which the opponents have appealed.

The claim of Dr. Stellwagen is for medical attention and traveling expenses. He rendered very valuable services to the deceased in attention to her bussiness affairs, but these can form in this account no basis for the allowance of the $1900, as the claim is for professional services and necessary traveling expenses. Had he been summoned to the bed side of the deceased to render professional services, he would unquestionably be entitled to greater renumeration than a local practitioner because of the distance traveled, the abandonment of home practice and other attendant circumstances that would add to the value of his services. But in the instant case Dr. Stellwagen was not summoned as a physician to give medical attention to the deceased. He was a licensed physician, but also a dentist, and made this latter profession his business. As a practitioner of medicine he practiced in his own family and sometimes among his friends.

In his testimony he says: "I received a telegram from Esther D. Gibney, a member of her family, stating that my 'aunt Mrs. Dickey is dangerously ill; come at once to Atlanta, Georgia.' I dropped my practice, and immediately had a personal interview with one of my aunt's nephews, and upon his statement that it was impossible for him to go, I telegraphed to others of her nieces and nephew, urging that some one should go at once to Atlanta. These all likewise refused, and I found myself compelled to accept the alternative of the immediate departure, or to desert my aunt in her hour of financial and physical need to the care of those not related by blood."

This statement shows that Dr. Stellwagen did not consider that he was summoned as a physician, but as a relative and a favorite of the deceased, in whom she had great confidence. He had no general practice

State ex rel. Beaucoudray, etc. vs. Judges, et al.

as a physician. It was limited only to his family and friends. He had not been called as a physician, and. therefore, there can be no estimate made based upon the loss or abandonment of home practice.

The deceased had in attendance on her during her illness able and experienced physicians of Atlanta. She does not seem to have wanted for medical attention. There is no evidence that she became dissatisfied with her physicians and needed the services of Dr. Stellwagen in addition. But when he arrived in Atlanta, he not only attended to business matters for the deceased, but gave untiring and affectionate attention to her as a physician and nurse. His wife also rendered valuable services. No claim is made for attention given to business matters. The deceased having accepted, and undoubtedly having been relieved mentally and physically by his professional services after his arrival in Atlanta, he is entitled to be paid for these services. As he carried his wife with him to nurse the deceased, her services ought to enter into the computation of those rendered by him. Twenty dollars per day, we think, would be a proper allowance for their services, to date from the day after arrival in Atlanta until the death of Mrs. Dickey in Weden, Penn. This embraces a period of nine days, amounting to $180. There is no evidence in the record upon which to base an exact estimate of traveling expenses, but as his expenses are included in his claim of professional services, we think it but just, under the peculiar circumstances of this case, to allow them, which we fix at two hundred and twenty dollars for himself and wife, which includes all expenses, for sleeper, meals, etc.

We are of the opinion that the claim on the account ought to have been allowed to the amount of $400.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended so as to allow Dr. Stellwagen the sum of four hundred dollars for professional services and traveling expenses, and in other respects it be affirmed, appellee to pay costs of appeal.